UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIERRA PERKINS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-02895 |
| ) | |
| v. ) | |
| ) | |
| CARL BUDDIG & COMPANY, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Tierra Perkins ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Carl Buddig & Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, based on Defendant also terminating Plaintiff's employment because of their disability, pregnancy, and in retaliation for them attempting to assert their rights under the ADA and Title VII when Plaintiff reported harassment and discrimination on the basis of their disability and pregnancy. This lawsuit also arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ADMINISTRATIVE PREREQUISITES**

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., have occurred or been complied with.

7. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex, disability pregnancy and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

10. At all times material to the allegations of this Complaint, Plaintiff resided in Cook

County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation located at 50 W. Taft Drive, South Holland, Illinois 60473.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A) and has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. The Plaintiff, was hired as a line packer on or around September 12, 2022.

15. The Plaintiff was subjected to discrimination because of her disability or perceived disability.

16. The Plaintiff's disability or perceived disability as a result of her pregnancy and for being a female.

17. Defendant subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of their disability.

18. The Plaintiff is a member of a protected class because of her pregnancy and being female that has affected major life activities.

19. The major life activities that have been affected by the Plaintiff, include but are not limited to performing, moving, bowel movements, breathing, heart conditions or death.

20. Regardless of her disability, the Plaintiff is qualified to perform the essential

functions of his job, with or without reasonable accommodation.

21. The Plaintiff was subjected to discrimination because of her disability.

22. The Plaintiff disclosed her pregnancy almost immediately after becoming pregnant.

23. On or around December 1, 2022, Plaintiff fell ill due to her pregnancy and requested to leave for the day.

24. On or around December 2, 2022, Plaintiff was terminated for purportedly "exceeding her points limit," however, Plaintiff had not reached her points limit.

25. The Plaintiff was targeted due to her pregnancy and related limitations and disability and/or perceived disability.

26. The Plaintiff has and continue to suffer from stress and other mental anguish as a result of the Employer's unlawful conduct.

27. The Plaintiff has been discriminated against on the basis of her sex (female), pregnancy, perceived disability and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Pregnancy Discrimination Act ("PDA"), and Americans with Disabilities Act, as amended ("ADA").

**COUNT I**
**Disability-Based Harassment in Violation of**
**Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101** *et seq.*

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of their disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

30. Defendant knew or should have known of the harassment.

31. The disability harassment was severe or pervasive.

32. The disability harassment was offensive subjectively and objectively.

33. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

34. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA")**

35. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

37. Defendant terminated Plaintiff's employment on the basis of their disability.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39. Plaintiff is a member of a protected class under the ADA, due to her disability.

40. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

41. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, mental

anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

42. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

43. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

44. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

45. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

46. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT IV
### Pregnancy-Based Discrimination in Violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

47. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her pregnancy, in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

49. Defendant knew or should have known of the harassment.

50. The pregnancy harassment was severe or pervasive.

51. The pregnancy harassment was offensive subjectively and objectively.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

54. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

55. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the pregnancy-based discrimination, thereby violating the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

57. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

58. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
### Demand for Relief for Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

59. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated

7

against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

62. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

63. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

64. Plaintiff demands that this count be tried by a jury.

## COUNT VII
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

65. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

67. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

68. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

69. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in

Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of May, 2023.    Respectfully submitted,

    /s/ *Alexander J. Taylor*
    **ALEXANDER J. TAYLOR, ESQ.**
    SULAIMAN LAW GROUP LTD.
    2500 S. Highland Avenue, Suite 200
    Lombard, Illinois 60148
    Phone (331) 272-1942
    Fax (630) 575 - 8188
    E-mail: ataylor@sulaimanlaw.com
    *Attorney for Plaintiff*