UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIERRA PERKINS, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> CARL BUDDIG & COMPANY, ) <br> ) <br> **Defendant.** ) <br> ) | Case: <br><br><br><br><br><br> Jury Trial Demanded |

### FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, Tierra Perkins ("Plaintiff"), by and through the undersigned counsel, hereby files her First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) against Carl Buddig & Company ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, based on Defendant also terminating Plaintiff's employment because of her pregnancy, and in retaliation for her attempting to assert her rights under Title VII when Plaintiff reported discrimination on the basis of her pregnancy.

2. This lawsuit also arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") for Defendant's sex-based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. §2000e *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

6. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ADMINISTRATIVE PREREQUISITES**

7. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex, disability pregnancy and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

10. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation located at 50 W. Taft Drive, South Holland, Illinois 60473.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

14. Plaintiff worked for Defendant as a line packer from on or around September 12, 2022 until her unlawful termination on the basis of sex and pregnancy on or around December 2, 2022.

15. Plaintiff is female and pregnant and is a member of a protected class because of her sex.

16. Since at least December 1, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

17. Plaintiff disclosed her pregnancy to Defendant almost immediately after becoming pregnant.

18. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

19. On or around December 1, 2022, Plaintiff fell ill due to her pregnancy and requested to leave for the day.

20. Upon information and belief, Plaintiff's request to leave work for the day to care for her pregnancy was approved by Defendant.

21. The following day, December 2, 2022, Plaintiff reported to work.

22. When she arrived to work, however, Defendant called Plaintiff into the office and Defendant's Supervisor on shift terminated Plaintiff's employment.

23. Plaintiff, shocked and confused at the sudden loss of her employment asked Defendant why she was being terminated.

24. Defendant responded that Plaintiff was being terminated for purportedly "exceeding four points;" however, this was the first time that Plaintiff had heard anything about exceeding the point-limit, let alone any other disciplinary action.

25. Ultimately, Plaintiff was terminated because she disclosed her pregnancy to Defendant and for pre-textual discrimination on the basis of sex (female).

26. In fact, Defendant rid the workplace of Plaintiff by way of a security guard escorting her out of the building.

27. This left Plaintiff, pregnant and still recovering from the prior day's pregnancy-related illness, outside in the cold, and unable to charge her phone to call for transportation.

28. Plaintiff experienced extreme mental anguish and stress as a result of this event, as she not only worried for her own safety but that of her unborn child's.

29. Plaintiff continued to beg Defendant to permit her to charge her phone so she could leave the premises.

30. In response to Plaintiff's simple request, Defendant instead called the police and Plaintiff was issued a citation for trespassing.

31. Other similarly situated employees outside of Plaintiff's protected classes (sex, pregnant) were not subject to this same severe and disparate treatment.

32. A few days after her termination, Plaintiff received a phone call from Defendant's Human Resources (HR) Department.

33. Upon information and belief, Defendant's HR personnel informed Plaintiff that they had made an error and she only had three points, leaving her termination without a

legitimate business reason.

34. Despite this, because Defendant had filed a report against Plaintiff for "trespassing," she was unable to return to work.

35. This extremely painful experience has saddled Plaintiff with emotional trauma, financial hardship, and has left her homeless.

36. Plaintiff was targeted for termination due to her pregnancy and sex.

37. Plaintiff has and continue to suffer from stress and other mental anguish as a result of the Employer's unlawful conduct.

38. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

39. There is a basis for employer liability for the sex-based and pregnancy-based discrimination that Plaintiff was subjected to.

## COUNT I
### Pregnancy-Based Discrimination in Violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her pregnancy, in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant terminated Plaintiff's employment on the basis of Plaintiff's pregnancy.

45. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her pregnancy.

46. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
### Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

47. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. Plaintiff met or exceeded performance expectations.

50. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

52. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

53. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

55. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

56. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

57. During Plaintiff's employment with Defendant, Plaintiff reasonably requested time off on the basis of her protected class status, pregnant; this ultimately led to her unlawful termination.

58. Plaintiff then opposed unlawful discrimination on the basis of sex/pregnancy to Defendant following her termination.

59. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

60. In response to Plaintiff's complaint, Defendant used brute force to remove Plaintiff from the premises and even called the police on her while she stood pregnant and in the cold.

61. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's opposition of the sex-based discrimination and/or pregnancy-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of

Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of July, 2023.    Respectfully submitted,

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*