UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TIERRA PERKINS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No: 1:23-cv-02895 |
| v. | ) ) | Judge Thomas M. Durkin |
| CARL BUDDIG & COMPANY, | ) ) ) | Magistrate Judge Jeffery T. Gilbert |
| Defendant. | ) ) ) ) | Jury Trial Demanded |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINITFF'S FIRST AMENDED COMPLAINT**

**NOW COMES** Plaintiff, Tierra Perkins ("Plaintiff"), by and through the undersigned counsel, hereby submitting this Memorandum in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint and in support states as follows:

## I. INTRODUCTION

This case concerns Plaintiff's employment with Defendant and her subsequent retaliatory termination. Specifically, Plaintiff's claims arise from Plaintiff being subjected to discrimination on the basis of her sex (female) and pregnancy, in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, Plaintiff's claims also arise from Defendant's retaliation for opposing this discrimination in violation of 42 U.S.C. §2000e, *et seq*.

On July 12, 2023, Plaintiff filed a Motion for Leave to File her First Amended Complaint with this Court against Defendant, Carl Buddig & Company [Dkt. 13]. The Motion was granted, and Plaintiff filed her First Amended Complaint (FAC) on July 20, 2023 [Dkt. 16]. Defendant then

1

filed Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter "Defendant's MTD") on August 3, 2023. [Dkt. 19]. For the reasons explained below, Defendant's arguments are without merit and its Motion should be denied. Alternatively, should the Court find that Plaintiff's FAC is deficient, Plaintiff respectfully requests the opportunity to revise or amend the FAC.

## II.  LEGAL STANDARDS

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6) or 12(c), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). If the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it fails to satisfy the pleading requirements and dismissal is appropriate. *Id*. When evaluating a motion to dismiss under FRCP 12(b)(6), a court must accept as true all well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## ARGUMENT

### A.  PLAINTIFF VOLUNTARILY DISMISSES PREGNANCY-BASED DISCRIMINATION (COUNT I) WITHOUT PREJUDICE

In response to Defendant's argument that pregnancy-based discrimination is duplicative of sex-based discrimination, Plaintiff voluntarily dismisses Count I of the FAC, alleging pregnancy-based discrimination in violation of the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. without prejudice. Plaintiff maintains its allegations of sex-based discrimination, on the basis of Plaintiff's pregnancy, and retaliation in violation of Title VII.

B.  **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF'S HAS EXHAUSTED HER ADMINISTRATIVE REMEDIES FOR HER CLAIMS**

Defendant argues that Plaintiff's FAC should be dismissed because Plaintiff failed to exhaust her administrative remedies. It is well established that a Title VII plaintiff need not allege in an EEOC charge "each and every fact that combines to form the basis of each claim" in order to exhaust administrative remedies. *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). Furthermore, "[a] complaint may properly encompass any discrimination, like or reasonably related and growing out of charges filed with the EEOC." *Hernandez v. William Rainey Harper Coll.*, WL 5122698, at *11 (N.D. Ill. Oct. 27, 2011) (quoting *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993)).

The test for determining whether an EEOC charge encompasses the claims in a complaint grants a Title VII plaintiff significant leeway: all Title VII claims set forth in a complaint are cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (*en banc*) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971), *cert. denied,* 429 U.S. 986 (1976)). Thus, the *Jenkins* test is satisfied if there is (1) a reasonable relationship between the allegations in the charge and the claims in the complaint, and (2) the claims in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.*

Here, the Plaintiff filed a Charge of Discrimination (the Charge) with the EEOC on January 20, 2023. *Attached as Exhibit A*. The Charge includes facts supporting claims for sex-based discrimination, specifically on the basis of Plaintiff's pregnancy, and retaliation, and indicated specific instances of discrimination suffered by Plaintiff. *See Id.* In fact, the Charge identifies the

3

specific events that occurred regarding Plaintiff's pregnancy-related absence, and the retaliatory termination that followed. *See Id.* The Charge further specifies that Plaintiff objected to her termination and that the employer admittedly had no legitimate business reason for terminating Plaintiff, as she had not actually exceeded her attendance point limit. *See id.* Thus, there is a reasonable relationship between Defendant's actions described in the complaint and the charges of sex-based discrimination on the basis of Plaintiff's pregnancy, and retaliation, and the claims in the complaint can reasonably be expected to grow out of an EEOC investigation of the Charge.

Defendant further argues that Plaintiff failed to exhaust administrative remedies, since "the Charge makes no mention of harassment of any kind" (Defendant's MTD p.5). To clarify, Counts I and II of Plaintiff's FAC are discrimination counts, and Plaintiff is not alleging harassment. Defendant misconstrues Plaintiff's claims, and improperly clings to one word in Paragraph 41 of the FAC. It is clear by the context and plain language that Plaintiff is alleging discrimination, and is not alleging harassment as a separate, actionable claim.

Plaintiff timely filed her Charge, which explains in detail the discrimination and retaliation she suffered, the EEOC issued a Notice of Right to Sue on February 24, 2023, and Plaintiff timely filed her lawsuit thereafter. Plaintiff is not required to plead every detail of her case at the pleading stage, much less the EEOC stage. *See Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). Plaintiff has exhausted all administrative remedies for the discrimination and retaliation counts as required by law. Thus, Defendant's argument is without merit. Accordingly, the Court should deny Defendant's partial motion to dismiss.

C. **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF HAS STATED A CLAIM FOR RETALIATION (COUNT III) FOR WHICH RELIEF CAN BE GRANTED.**

To survive a Rule 12(b)(6) motion to dismiss, the Federal Rules of Civil Procedure do not

4

require a claimant to set out in detail all of the facts upon which she bases her claim. Instead, all that is required is that the claimant set forth a 'short and plain statement of the claim' sufficient to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'. *Iqbal*, 556 U.S. at 677. The Seventh Circuit applies this standard, and has emphasized that allegations are viewed liberally under federal notice pleading and that little is required to state a claim. *McDorman v. Smith*, No. 05 C 0448, at *9 (N.D. Ill. Aug. 11, 2006). A court should only determine there has been a failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99. 2 L.Ed.2d 80 (1957); see also Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).

Title VII prohibits an employer from retaliating against an employee for opposing or participating in an investigation of an unlawful employment practice". *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018) (citing 42 U.S.C. §2000e). In order to establish a *prima facie* claim retaliation, a Plaintiff must allege: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action by her employer; and (3) there is a casual link between her protected expression and the adverse action. *See Id.*; *McKenzie v. Illinois Dep't of Transportation*, 92 F.3d 473, 483 (7th Cir. 1996); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). An employee engages in a statutorily protected activity by opposing an unlawful employment practice. *Martin v. Stoops Buick, Inc.*, 1:14-cv-00298-RLY-DKL, at *17 (S.D. Ind. May 24, 2016). The bar is not high, as even passive conduct declining to engage in discriminatory practices is sufficient to establish protected activity. *See Trzeciak v. Village of LaGrange*, No. 01 C 4977, at * (N.D. Ill.

5

Mar. 12, 2003) (citing *McDonnel v. Cisneros*, 84 F.3d 256, 262 (7th Cir. 1996)). The above McDonnell Douglas framework is just one way to find retaliation, as the U.S. Supreme Court case provides "a common, but not exclusive, method of establishing a triable issue" of retaliation. *Boswell v. Envoy Air, Inc.*, 16 C 10480, at *11 (N.D. Ill. Dec. 31, 2018). The question is whether a reasonable factfinder could conclude that a proscribed factor caused the adverse employment action". *See Id.*, quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016).

Here, as plead in the FAC at ¶ 23, Plaintiff engaged in a protected activity when she opposed her termination, as Plaintiff knew that when she was terminated, she was being discriminated against on the basis of her pregnancy. Plaintiff knew that she did not have enough attendance points to be terminated, so she objected to her termination, and asked why she was being terminated. Defendant responded with the pre-textual reason that Plaintiff was terminated for purportedly "exceeding four points" [FAC ¶ 24]. Immediately following this protected activity, which supports a causal link, Plaintiff was terminated and left out on the street, pregnant, ill, and with a dead cell phone and no way to escape the elements or make it home. A few days after Plaintiff's termination, she received a call stating that she only had three attendance points and should not have been terminated [FAC ¶¶ 32,33]. Thus, Plaintiff's termination was clearly retaliatory, as Defendant had no legitimate business reason to terminate Plaintiff. Plaintiff has plead a short and plain statement of her retaliation claim. Therefore, Defendant's Motion should be denied, especially at this early stage, where Plaintiff is entitled to have all well plead facts accepted as true, and all reasonable inferences drawn in her favor. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).

### D. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Federal Rule of Civil Procedure (FRCP) 15(a) provides that a party may amend the party's

pleading by leave of court, and leave shall be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178 (1962). The 7th Circuit has recognized that because a pleading merely serves to put the opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. *Heath v. Isenegger*, 2011 WL 2580538, at *2 (N.D. Ind. June 28, 2011). Under the liberal amendment standard, a court's denial of leave to amend pleadings is appropriate only in those circumstances in which undue delay, bad faith, futility, or unfair prejudice are demonstrated. *Krukowski v. Omicron Techs., Inc.*, 2012 WL 3841491, at *1, 4 (N.D. Ill. Aug. 29, 2012); *Murray v. Nationwide Better Health*, 2012 WL 112577, at *4 (C.D. Ill. Jan. 12, 2012).

Here, although Plaintiff believes her FAC to be sufficient and well-plead, Plaintiff is willing to revise or amend the FAC should the court disagree. There is no undue delay, bad faith, futility, or unfair prejudice to Defendant if Plaintiff is allowed to revise or amend her FAC at this early stage in the proceedings. Since Plaintiff clearly has not brought her claims in bad faith, as there is a factual basis for each of them, the court only has to consider undue delay, futility, and unfair prejudice.

Undue delay considers the stage of the proceedings at which a party seeks leave to amend. *See Gildon v. Ivy Tech Community College*, 1:21-cv-1109-JMS-MG, at *5 (S.D. Ind. Apr. 12, 2022). Thus, a motion to amend is more likely to be denied, and delay more likely to be found, if it takes place at a relatively late stage in the proceedings. *Heath v. Isenegger*, 2011 WL 2580538, at *2 (N.D. Ind. June 28, 2011) (quoting *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011)). Here, if Plaintiff were to need to amend her FAC, amendment is being requested in the initial stages of the matter, and the parties have not yet had the opportunity to engage in discovery. Thus, it would not unduly delay the proceedings to allow Plaintiff leave to revise or

amend her FAC.

Futility is generally assessed by analyzing whether the amendment would survive dismissal under FRCP 12(b)(6). *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). However, "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend". *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n,* 377 F.3d 682, 687 (7th Cir. 2004) (emphasis added). "[C]ases of clear futility at the outset of a case are rare . . . ." *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 520 (7th Cir. 2015). Here, as Plaintiff demonstrated above, her claim of retaliation should survive dismissal under FRCP 12(b)(6), and Defendant has not argued that the claim of sex-based discrimination is subject to dismissal on 12(b)(6) grounds. Therefore, Plaintiff has stated claims upon which relief has been granted, and amendment of these claims to further strengthen them if necessary, would not be futile.

Finally, if the court finds amendment to be necessary, amendment would not unfairly prejudice the Defendant at this early stage in the proceedings. Courts have found unfair prejudice in a limited number of circumstances, including where Plaintiff in an amended complaint alleges claims against the existing Defendant(s) in a substantially different manner or adds numerous additional claims or Defendants. *Murray v. Nationwide Better Health*, 2012 WL 112577, at *4 (C.D. Ill. Jan. 12, 2012). Additionally, courts have found undue prejudice where an amendment would result in substantial added discovery. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westport Ins. Corp.*, No. 10 C 6096 (N.D. Ill. Feb. 29, 2012). Here, Plaintiff will not be adding any additional Defendants or claims. Plaintiff merely requests leave to amend the current claims, should the court find additional factual allegations necessary. Because doing so would not change the nature of the claims, or unfairly surprise the Defendant, there is no unfair prejudice, and amendment should be

allowed.

Thus, as amendment is not futile, and does not cause undue delay, nor unfair prejudice, the court should allow Plaintiff leave to revise or amend her FAC, should the court find amendment to be necessary.

## III. CONCLUSION

Plaintiff respectfully requests this Court to deny Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint, as Plaintiff has fully exhausted her administrative remedies, and has plead claims for which relief can be granted.

Dated this 31st day of August, 2023.

/s/ *Alexander Taylor, Esq.*
**ALEXANDER TAYLOR, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2023, a true and correct copy foregoing has been provided electronically via electronic mail and/or via U.S. mail to following:

**Jason C. Kim**
**Alexis M. Dominguez**
**Kathleen Okon**
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
Phone: (312) 269-8000
jkim@nge.com
adominguez@nge.com
kokon@nge.com
*Attorneys for Defendant*

/s/ *Alexander Taylor, Esq.*
**ALEXANDER TAYLOR, ESQ.**