UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIERRA PERKINS,<br><br>    Plaintiff.<br><br>v.<br><br>CARL BUDDIG & COMPANY,<br><br>    Defendant. | Case No. 1:23-cv- 02895<br><br>Hon. Thomas M. Durkin |

### PLAINTIFF'S MOTION TO COMPEL RESPONSES
### TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**NOW COMES** Tierra Perkins, by and through the undersigned counsel, and pursuant to FED. R. CIV. P. 37(a)(1) and Local Rule 37.2, moves to compel Defendant Carl Buddig & Company to respond to Plaintiff's First Set of Discovery Requests, and in support thereof states:

    1.    On May 9, 2023, Plaintiff filed the instant case against the Defendant seeking redress for violations of the Americans with Disabilities Act of 1990, as amended, ("ADA") and the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff also included a count for sex-based discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

    2.    On June 14, 2023, Defendant filed their Motion to Dismiss Plaintiff's Complaint [Dkt. 10].

    3.    Plaintiff Filed her Amended Complaint on July 20, 2023 [Dkt. 16].

    4.    On July 20, 2023, Plaintiff and Defendant's Counsel agreed to the Discovery Schedule set forth in their Joint Status Report [Dkt 15].

5. Plaintiff issued their First Discovery Requests upon the Respondent on July 26, 2023.

6. Subsequently, Defendant failed to respond to Plaintiff's Discovery Requests.

7. On August 3, 2023, Defendant filed both a Motion to Stay Discovery [Dkt. 20] and a Partial Motion to Dismiss Plaintiff's Amended Complaint.

8. On August 3, 2023, a briefing schedule was set for the Defendant's Partial Motion to Dismiss and Stay Discovery.

9. Plaintiff responded to Defendant's Partial Motion to Dismiss on August 31, 2023 [Dkt. 22] and Defendant filed their Reply on September 14, 2023 [Dkt. 24].

10. To date, a Stay has not been issued and Plaintiff's July 26, 2023 Discovery Requests remain unanswered.

11. On September 19, 2023, Plaintiff reached out to Defendant's Counsel regarding the status of their Discovery Responses.

12. Defendant has not received approval from the court to stay discovery and no stay has been entered, however, Defendant continues to operate as if their request was granted.

13. On September 22, 2023, Plaintiff's Counsel sent an email to Defendant's Counsel advising Defendant's Counsel that Plaintiff intends on filing a motion to compel Defendant to respond to Plaintiff's outstanding discovery requests.

14. Defendant again refused to respond to Plaintiff's Discovery Requests.

15. Plaintiff is seeking an Order pursuant to Rule 37(a)(1) compelling Defendant to respond to Plaintiff's discovery requests, which were initially served on July 26, 2023. See Fed. R. Civ. P. 37(a)(1) (a party may move for any order compelling discovery).

16. Here, Defendant willfully failed to respond to Plaintiff's discovery requests despite receiving an extension and multiple requests from Plaintiff's counsel for Defendant to comply with its discovery obligations.

17. Plaintiff is not seeking an order to compel Defendant to respond to Plaintiff's requests to admit, as the requests are deemed admitted by operation of Fed. R. Civ. P. 36(a)(3).

18. Defendant's refusal to comply with its most basic discovery obligations is inexcusable in light of the fact that Plaintiff's counsel notified Defendant's Counsel of Defendant's failure to comply with its discovery obligations on multiple occasions.

19. To date, Defendant has not provided the undersigned with any proper explanation for Defendant's failure to respond to Plaintiff's discovery requests. Moreover, Defendant has not even expressed an intention to respond to Plaintiff's discovery requests.

20. Defendant continues to operate as if its partial motion to dismiss and motion to stay discovery have been granted.

21. To date, the court has entered no such order.

22. Moreover, it is important to note that Defendant's motion is a *Partial* Motion to Dismiss, that even if granted would not be dispositive of the entire case.

23. Unsurprisingly, Defendant's refusal to respond to Plaintiff's discovery requests has significantly frustrated Plaintiff's ability to effectively prosecute her case.

24. Accordingly, time is of the essence as any further delay will be unduly prejudicial to Plaintiff.

25. Based on the foregoing, there is good cause for the Court to enter an order compelling Defendant to respond to Plaintiff's interrogatories and request for production no later than November 10, 2023.

26. Lastly, Plaintiff is seeking her attorney's fees for having to compel Defendant to comply with its most basic discovery obligations. Plaintiff's Counsel has unnecessarily expended time and effort attempting to persuade Defendant to comply with its fundamental discovery obligations. See Fed. R. Civ. P. 37(a)(5).

27. Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 7.1(D), the undersigned certifies he has conferred in good faith with Defense Counsel regarding the outstanding discovery responses referenced herein and that the undersigned's efforts were unsuccessful in obtaining the discovery sought herein.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) An order compelling Defendant to respond to Plaintiff's interrogatories and requests for production no later than November 10, 2023.
b) An order deeming the Requests to Admit propounded on Defendant admitted.
c) An order awarding Plaintiff her attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)

Dated: October 27, 2023.

                    */s/ Alexander J. Taylor*
                    Alexander Taylor, Esq.
                    Sulaiman Law Group LTD.
                    2500 S. Highland Avenue, Suite 200
                    Lombard, Illinois 60148
                    Phone (630) 575-8181
                    ataylor@sulaimanlaw.com
                    *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 27th day of October, 2023, a true and correct copy of the foregoing has been provided via CM/ECF, electronic mail and/or via U.S. Mail to all parties of record.

/s/ Alexander J. Taylor
Alexander Taylor, Esq.