IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIERRA PERKINS,<br><br>        Plaintiff,<br><br>v.<br><br>CARL BUDDIG & COMPANY,<br><br>        Defendant. | Case No. 1:23-cv-02895<br><br>The Honorable Thomas M. Durkin |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant Carl Buddig & Company ("Defendant" or "Carl Buddig") submits this brief in opposition to Plaintiff Tierra Perkins' ("Plaintiff") Motion to Compel Responses to Plaintiff's First Set of Discovery Requests [Dkt. 25] (the "Motion to Compel"). In short, Plaintiff improperly seeks to compel responses to Plaintiff's written discovery requests because: (1) Plaintiff's discovery requests were improperly served prior to the parties' holding of a Rule 26(f) conference; (2) Plaintiff waived her opposition to Carl Buddig's Motion to Stay Discovery [Dkt. 20] (the "Motion to Stay") by failing to respond to the Motion to Stay in accordance with the agreed upon briefing schedule entered by the Court; and (3) Plaintiff's Motion to Compel is premature given Plaintiff's failure to comply with Local Rule 37.2, which requires "consultation in person or by telephone" prior to filing a discovery motion under Rule 37. For these reasons, and as discussed more fully below, Plaintiff's Motion should be denied.

**I.    STATEMENT OF FACTS**

1. On May 9, 2023, Plaintiff filed her initial seven (7) count Complaint against Carl Buddig, asserting claims for: (1) disability-based harassment in violation of the Americans with Disabilities Act ("ADA"), (2) disability discrimination in violation of the ADA, (3) retaliation in

-1-

violation of the ADA, (4) pregnancy-based discrimination in violation of the Pregnancy Discrimination Act ("PDA"), (5) retaliation in violation of the PDA, (6) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and (7) retaliation in violation of Title VII [Dkt. 1].

2. On May 11, 2023, the Court entered an Order requiring the parties to submit a joint status report on or before July 20, 2023 [Dkt. 4].

3. On June 14, 2023, Carl Buddig filed its Motion to Dismiss Plaintiff's Complaint (the "Initial Motion to Dismiss") in its entirety [Dkt. 10].

4. On July 12, 2023, Plaintiff file her Motion for Leave to File First Amended Complaint and Suspend Briefing on Defendant's Motion to Dismiss ("the Motion for Leave to Amend") [Dkt. 13]. That same day, the Court entered an Order granting Plaintiff's Motion for Leave to Amend and, thus, denying Carl Buddig's Initial Motion to Dismiss without prejudice [Dkt. 14].

5. On July 20, 2023, prior to Plaintiff's filing of her Amended Complaint, the parties filed a Joint Initial Status Report [Dkt. 15]. Because no operative complaint was pending, the parties proposed in the Joint Initial Status Report "to hold off on submitting a discovery plan until there is an operative complaint and response thereto." *Id.*

6. As is highly pertinent to the present Motion, the parties did not confer as required by Rule 26(f) and/or Local Rule 26.1 prior to filing the Joint Initial Status Report. Rather, counsel for Plaintiff emailed counsel for Carl Buddig at 3:09 PM on July 20, 2023 (the same day the Joint Initial Status Report was due), forwarding for the first time a proposed status report and asking if there were any edits. *See* Exhibit A. In response, counsel for Carl Buddig responded that "[g]iven that we do not have an operative complaint, I have streamlined the joint report a bit"—namely by

removing Plaintiff's proposed discovery schedule. *See id.* Counsel for Plaintiff responded that "[t]he changes are fine" and ultimately filed the Joint Initial Status Report [Dkt. 15]. *Id.*

7. Later that same day, Plaintiff filed her First Amended Complaint (the "Amended Complaint"), asserting at least three (3) claims against Carl Budding, including claims for: (1) pregnancy discrimination in violation of the PDA, (2) sex discrimination in violation of Title VII, and (3) retaliation in violation of Title VII. Additionally, the First Amended Complaint purported to assert a claim of harassment in violation of the PDA. [Dkt. 16.]

8. On July 21, 2023, the Court entered an Order requiring the parties to submit an agreed proposed discovery schedule two weeks after Carl Buddig filed its response to the Complaint [Dkt. 17].

9. On July 26, 2023, Plaintiff served on Carl Buddig her First Set of Requests for Production of Documents, First Set of Interrogatories, First Set of Requests for Admission and Rule 26(a) Disclosures (the "Written Discovery"). *See* Exhibit B, p. 16. At no time prior to Plaintiff's issuance of her Written Discovery had the parties conferred as required by Rule 26(f) and/or the Court's July 21, 2023 Order.

10. Carl Buddig's counsel immediately objected to Plaintiff's issuance of Written Discovery as: (1) Carl Buddig had yet to respond to the Amended Complaint, (2) Carl Buddig planned to move to dismiss the Amended Complaint, (3) Plaintiff's issuance of discovery violated the Federal Rules of Civil Procedure concerning the timing of discovery, and (4) Plaintiff's issuance of Written Discovery violated the Court's Order requiring the parties to submit a proposed discovery schedule **after** Buddig filed its response to the Amended Complaint. *See* Exhibit B, p. 15. Counsel for Carl Buddig further explained that Plaintiff's Written Discovery was premature

because the Federal Rules of Civil Procedure "require that the parties conduct a Rule 26(f) conference before issuing discovery" and "[n]o conference ha[d] occurred." *See id.* at p. 13.

11. Importantly, counsel for Plaintiff conceded that a Rule 26(f) conference has yet to occur in this case. Specifically, in response to the foregoing emails, counsel for Plaintiff responded on July 26, 2023, "Please advise on your availability for a Rule 26(f) conference." Exhibit B, p. 12. The next day, July 27, 2023, Plaintiff's counsel further responded, "We will calculate the response deadline 30 days from the Rule 26f" and then proceeded to inquire as to the availability of Carl Buddig's counsel for a Rule 26(f) conference. *Id.* at p. 10.

12. Given counsel for Plaintiff's insistence on holding a Rule 26(f) conference despite Carl Buddig's previously stated intention to file a motion to dismiss the Amended Complaint, counsel for Carl Buddig responded on August 1, 2023, that, in addition to filing a motion to dismiss, Carl Buddig intended file a Motion to Stay Discovery (the "Motion to Stay") pending the Court's ruling on the motion to dismiss. Exhibit B, p. 9. Counsel for Carl Buddig further requested that the parties agree to a proposed briefing schedule on the Motion to Stay. *Id.* at p. 8. Ultimately, the parties agreed that Plaintiff would file her response to the Motion to Stay within 28 days, and that Carl Buddig would file its reply in support of the Motion to Stay 14 days thereafter. *Id.* at pp. 7-8.

13. Carl Buddig filed its Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Second Motion to Dismiss") [Dkt. 18], as well as its Motion to Stay [Dkt. 20] on August 3, 2023. A copy of the Motion to Stay is attached hereto as Exhibit C.

14. On August 3, 2023, the Court entered an Order setting forth the parties' agreed upon briefing schedule concerning both the Second Motion to Dismiss and the Motion to Stay. [Dkt.

21.] In connection with that Order, "Plaintiff [was] to file her responses to Defendant's motions by 8/31/2023; Defendant [was] to file its replies in support by 9/14/2023." *Id.*

15. Thereafter, the parties fully briefed the Motion to Dismiss, with Plaintiff filing her Opposition to Defendant's Partial Motion to Dismiss on August 31, 2023 [Dkt. 22], and Carl Buddig filing its Reply in support of the Second Motion to Dismiss [Dkt. 24] on September 14, 2023. However, Plaintiff never filed any response to the Motion to Stay.

16. Despite Plaintiff's failure to respond to the Motion to Stay, and her resulting waiver of her opposition to the requested stay, Plaintiff's counsel once again emailed counsel for Carl Buddig on September 12 and 19, 2023, demanding to schedule at Rule 26(f) conference. *See* Exhibit B at pp. 4-5.

17. On September 19, 2023, counsel for Carl Buddig responded by explaining that "proceeding with a Rule 26(f) conference and written discovery at this time is premature given that the pending motion to dismiss is likely to impact the scope of permissible discovery." Exhibit B, pp. 3-4. Counsel for Carl Buddig further explained that "Plaintiff's response to the motion to dismiss only underscore[d] this concern as [Plaintiff] now intends to abandon her pregnancy discrimination/harassment claims." *Id.* Counsel for Carl Buddig also reminded Plaintiff's counsel that Carl Buddig filed a motion to stay discovery" and that Plaintiff "failed to respond to the motion to stay by the Court ordered deadline (August 31, 2023), thereby waiving her opposition to the motion to stay." *Id.* Finally, counsel for Carl Buddig expressed that it was appropriate under the circumstances to "wait for the Court's ruling on the motion to stay before proceeding with scheduling a Rule 26(f) conference." *Id.*

18. Without providing any explanation for Plaintiff's failure to respond to the Motion to Stay, Plaintiff's counsel responded simply that, "Your client has no valid basis for not

responding to discovery" and threatened that "We will be seeking relief from the Court if discovery responses are not submitted by October 3, 2023." Exhibit B at p. 2.

19. In response, on October 3, 2023, counsel for Carl Buddig explained once more why a stay of discovery was warranted—namely, "given that it is unclear which of Plaintiff's claims will be proceeding and the scope of discovery unquestionably will be impacted by the Court's ruling on the pending motion to dismiss." Exhibit B at p. 2. Counsel for Carl Buddig further explained that additional motion practice was not warranted "given that the motion to stay is pending before the Court and ripe for ruling," adding that "[w]e will have our answer as to when/whether discovery should proceed in due course." *Id.*

20. Notwithstanding the foregoing efforts to by counsel for Carl Buddig to defuse the situation and avoid Plaintiff's filing of the Motion to Compel, counsel for Plaintiff responded on October 6, 2023, "We will file a motion to compel as we respectfully disagree with your position." Exhibit B, p. 1.

21. Plaintiff filed her Motion to Compel on October 27, 2023. [Dkt. 27.] At no time prior to the filing of the Motion to Compel did Plaintiff's counsel seek to schedule a call to confer regarding the parties' dispute concerning Carl Buddig's requested stay of discovery and/or Plaintiff's prematurely issued Written Discovery.

## II. LEGAL ARGUMENTS

### A. Plaintiff's Discovery Was Prematurely Served

The Federal Rules of Civil Procedure govern the timing and scope of discovery in civil matters. Specifically, Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…." Fed. R. Civ. P. 26(f). Discovery issued prior to the holding of a Rule 26(f) conference is premature and

may be rejected. *See Gregory v. Chamness*, No. 13-cv-01124-MJR, 2014 U.S. Dist. LEXIS 65895, at \*5 (S.D. Ill. May 14, 2014) (denying Plaintiff's motion to compel as premature because "[t]he Court has not authorized discovery to commence earlier than is authorized under Federal Rule of Civil Procedure 26(d)"); *see also Trask v. Boyd*, No. 11 CV 6907, 2012 U.S. Dist. LEXIS 38750, at \*4 (N.D. Ill. Mar. 22, 2012) (granting motion to quash subpoenas because "the issuance of subpoenas is premature in this case because discovery has not yet begun." (citing Fed. R. Civ. P. 26(d))).

Here, Plaintiff issued her Written Discovery on July 26, 2023, prior to the parties' holding of a Rule 26(f) Conference and/or the parties' conferring as to the entry of a Court Ordered agreed discovery schedule [Dkt. 17.] Plaintiff concedes that no conference took place prior to the issuance of Plaintiff's Written Discovery. *See* Exhibit B, pp. 10 & 12. Moreover, no Rule 26(f) conference has taken place during the intervening period because of Carl Buddig's pending unopposed Motion to Stay. *See* Exhibit B, pp. 2-4 & Exhibit C. Nonetheless, Plaintiff now seeks to compel responses to her Written Discovery. However, because Plaintiff's Written Discovery was prematurely served and Plaintiff did not oppose the Motion to Stay, Plaintiff's Motion to Compel should be denied.

**B.**     **Plaintiff Waived Her Objections to the Motion to Stay Discovery**

It is a well settled principal that a party's failure to respond to a motion constitutes waiver. *See Thornton v. Flagstar Bank*, No. 12-cv-07506, 2013 U.S. Dist. LEXIS 119105, at \*6 (N.D. Ill. Aug. 21, 2013) ("It is well established that failure to respond to an argument results in a waiver of that argument."); *Kronenberg v. Baker & McKenzie LLP*, 692 F. Supp. 2d 994, 999 n.4 (N.D. Ill. 2010) ("Plaintiff waived this position by failing to respond to defendants' motion on this point."); *Dumanian v. Schwartz*, No. 19 C 6771, 2022 U.S. Dist. LEXIS 123746, at \*23 (N.D. Ill. July 13, 2022) (Defendants "have waived any argument in opposition to Plaintiffs' motion by failing to respond to it.").

There is no question that Plaintiff failed to respond Carl Buddig's Motion to Stay by the agreed upon and Court-ordered August 31, 2023 deadline. Moreover, Plaintiff has provided no explanation for her failure to comply with the Court Ordered response deadline. Rather, it appears Plaintiff simply elected not to respond and instead to file her Motion to Compel. However, because Plaintiff failed to respond to the Motion to Stay, Plaintiff's opposition to Carl Buddig's requested stay of discovery is waived. Accordingly, Plaintiff's Motion to Compel is not well taken and should be dismissed for this additional reason.

### C. Plaintiff Failed To Comply with Local Rule 37.2 and thus the Motion is Premature

Local Rule 37.2 requires that the parties confer either "in person or by telephone" prior to the filing of a motion to compel discovery responses. Specifically, Local Rule 37.2 states that "this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation **in person or by telephone** and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." Local Rule 37.2 (emphasis added). Local Rule 37.2 further provides that in addition to stating that a consultation occurred, the motion must recite "the date, time and place of such conference, and the names of all parties participating therein."

The Court's Standing Order further emphasizes the importance of compliance with Local Rule 37.2 prior to filing a motion to compel. In particular, the Court's Standing Order concerning Discovery Motions states that "[t]he Court will not hear or consider any discovery motion … unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2" and that the "motion must state with specificity when and how the movant complied with Local Rule

37.2." The Court's Standing Order further states that "[t]he exchange of correspondence will not normally be sufficient to comply with Local Rule 37.2." In filing her Motion, Plaintiff disregards Local Rule 37.2 and the Court's Standing Orders.

While Plaintiff asserts in conclusory fashion in Paragraph 27 of the Motion that "the undersigned certifies he has conferred in good faith with Defense Counsel concerning the outstanding discovery responses," nowhere in the Motion does Plaintiff provide the requisite detail concerning any purported in person or telephonic conference between the parties that occurred prior to Plaintiff's filing of her Motion. The Motion omits this information because no such meeting occurred. Rather, the only correspondence concerning the discovery at issue is limited to the email correspondence set forth in Exhibit B, which ceased three weeks prior to the filing of the Motion to Compel. Simply put, Plaintiff failed to comply with either Local Rule 37.2's or the Standing Order's requirement for an in-person or telephonic conference before filing her Motion to Compel. Accordingly, for this reason too, Plaintiff's Motion to Compel should be denied as premature.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied in its entirety. In addition, the Court should order Plaintiff to pay Carl Buddig's attorneys' fees and costs incurred in responding to Plaintiff's Motion to Compel.

        Respectfully submitted,

        **CARL BUDDIG & COMPANY**


        By: */s/ Jason C. Kim*
            One of Its Attorneys

Jason C. Kim (*jkim@nge.com*)
Alexis M. Dominguez (*adominguez@nge.com*)
Kathleen Okon (*kokon@nge.com*)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602-3801
(312) 269-8000

Dated:  November 6, 2023

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 6, 2023, he caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sent notification of such filing to all counsel of record.

                                                               */s/ Alexis M. Dominguez*
                                                               Alexis M. Dominguez

35780516.2